IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY STRUNK** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 20-3904** |
| **v.** | : | |
| | : | |
| **KILOLO KIJAKAZI**[1] | : | |
| Acting Commissioner of Social Security | : | |
| *Defendant* | : | |

# O R D E R

**AND NOW**, this 31st day of August 2021, upon a careful and independent consideration of the administrative record, [ECF 15], the *Report and Recommendation* (the "R&R") issued on May 26, 2021, by the Honorable Marilyn Heffley, United States Magistrate Judge, [ECF 20], the objections to the R&R filed by Plaintiff Jeffrey Strunk ("Plaintiff"), [ECF 21], and Defendant's response to Plaintiff's objections, [ECF 23], it is hereby **ORDERED** that:

1. Plaintiff's objections are **OVERRULED**;

2. The R&R is **APPROVED** and **ADOPTED**;

3. The decision of the Commissioner of the Social Security Administration is **AFFIRMED**; and

4. Plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review is **DISMISSED**.[2]

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is herein substituted for Andrew Saul as the Defendant in this action. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 205(g) (Social Security disability actions "survive notwithstanding any change in the person occupying the office of the Commissioner of Social Security or any vacancy in such office").

[2] Plaintiff filed an application for a period of disability and disability insurance pursuant to Title II of the Social Security Act (the "Act") alleging that his disability commenced on May 30, 2015, due to the following conditions: spondylosis with myelopathy of the cervical region; lower back arthritis, stenosis, and protruding discs; left leg numbness; drop foot of the left foot; blood clots in the left leg; and neck surgery. Plaintiff last met the insured status requirement of the Act on March 31, 2017. Following an evidentiary administrative hearing on his claim, the Administrative Law Judge ("ALJ") found, after applying the five-step evaluation process for determining whether an individual is disabled, that Plaintiff was not disabled and that he had residual functional capacity ("RFC") to engage in light work. The Appeals

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Council denied Plaintiff's request for review, thereby affirming the ALJ's decision, which became the final decision of the Commissioner (here, Defendant).

Thereafter, Plaintiff filed a complaint before this Court requesting judicial review of the Commissioner's decision. This matter was assigned to Magistrate Judge Heffley, who issued a well-reasoned R&R addressing Plaintiff's issues and recommending that the request for review be denied. [ECF 20]. Plaintiff filed objections to the R&R, [ECF 21], which are essentially similar to the arguments made in his initial brief and statement of issues in support of request for review, [*see* ECF 16].

When considering objections to a magistrate judge's report and recommendation, the court must undertake a *de novo* review of the portions of the report and recommendation to which the plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Judicial review of an ALJ's decision is, however, limited in scope. In reviewing a Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Instead, the court must review the administrative factual findings in order to determine whether the ALJ's findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion." *Rutherford*, 399 F.3d at 552. "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Here, Plaintiff objects to the Magistrate Judge's findings, which support the decision of the ALJ. As noted, Plaintiff's objections are essentially the same challenges previously made in his initial appeal brief. [*See* ECF 16]. Though objecting to the R&R, Plaintiff is in essence arguing that the ALJ erred in the following: finding there was insufficient evidence of disability prior to Plaintiff's date last insured of March 31, 2017; determining that Plaintiff's obesity was not a "severe" impairment; applying the Medical-Vocational Guidelines in a borderline age situation; and in making a RFC assessment that Plaintiff was capable of light, as opposed to sedentary, work. The Magistrate Judge thoroughly addressed each of these issues in the R&R.

Notwithstanding, after a careful *de novo* review of Plaintiff's objections, the ALJ's decision, the underlying administrative record, the parties' respective briefs, and the R&R, this Court finds that the Magistrate Judge correctly addressed the underlying issues presented by the objections. Further, this Court agrees with the reasoning and findings set forth in the 18-page R&R. A review of the administrative record makes clear that the ALJ considered all relevant evidence and opinions. The factual findings made by the ALJ are supported by substantial evidence of record and are within the providence of the ALJ. This Court, therefore, concludes that the Magistrate Judge did not commit error in the R&R or in the analysis made. Accordingly, the objections are overruled.